# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ABDOULAYE NIANG as Parent of ALEXANDER NIANG, a Minor; | : | |
| | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: |
| | : | |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| PHATMOJO, LLC and ROY and CHARCLE, LLC; | : | |
| | : | |
| Defendants. | : | |

## <u>COMPLAINT</u>

Plaintiff Abdoulaye Niang as Parent of Alexander Niang, a minor, by and through his undersigned counsel, hereby files this Complaint against PhatMojo, LLC and Roy and Charcle, LLC, showing the Court as follows:

## <u>Nature of the Action</u>

1.     This is an action for infringement of copyrights issued by the U.S. Register of Copyrights to Alex Niang ("Alex"), son of Plaintiff Abdoulaye Niang ("Mr. Niang").  Alex's copyrighted material includes characters he created and/or modified for a video game known as

"Rainbow Friends." Roy & Charcle, LLC ("R&C"), the designer of the Rainbow Friends video game, was so impressed with Alex's copyrighted designs that, without Alex or Mr. Niang's permission, it licensed the use of those designs to Defendant PhatMojo, LLC ("PhatMojo") which thereafter manufactured and profited from the worldwide sale of toy figurines that are substantially similar to Alex's copyrighted designs. R&C is liable for contributory copyright infringement because it intentionally induced, caused and/or materially contributed to the infringement of Alex's copyrights. R&C is vicariously liable for PhatMojo's direct infringement because it has profited directly from PhatMojo's infringement and, upon information and belief, has a right and ability to supervise PhatMojo by virtue of its license.

2. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to have the Court preliminarily and permanently enjoin and restrain PhatMojo and R&C from further infringement of Alex's copyrights. Pursuant to 17 U.S.C. § 504(b), Plaintiff is further entitled to damages as well as Defendants' profits. As an alternative, Plaintiff is entitled to statutory damages of $150,000 per work infringed pursuant to 17 U.S.C. § 504(c).

Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to his attorneys' fees and full costs for bringing this action.

## The Parties

3.      Plaintiff Abdoulaye Niang is an individual living in Cobb County, Georgia.  Mr. Niang is over eighteen (18) years of age and is Alex's father.  On the day this Complaint was filed, Alex was under eighteen (18) years of age.  Because Alex is a minor, Mr. Niang is filing this suit on Alex's behalf.

4.      PhatMojo is a limited liability company formed and existing under the laws of the State of California.  PhatMojo may be served with process through its registered agent for service of process Kyle McCarthy, 801 S. Hope St. #1302, Los Angeles, CA 90017.

5.      R&C is a limited liability company formed and existing under the laws of Nevada.  R&C may be served with process through its registered agent for service of process Registered Agents Inc., 401 Ryland St., Suite 200-A, Reno, NV 89502.  Bryan Fletcher and Garrett Fletcher are Managing Members of R&C.

## Jurisdiction and Venue

6.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. §§ 1338(a)-(b) and 28 U.S.C. § 1331.  This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because (a) this action is between citizens of different states and (b) the matter in controversy exceeds $75,000, exclusive of interest and costs.  This Court has supplemental jurisdiction of state law claims pursuant to 28 U.S.C. § 1367(a).

7.    This Court has personal jurisdiction over PhatMojo and R&C under the Georgia Long-Arm Statute, O.C.G.A. § 9-10-91, and the Due Process Clause of the Fourteenth Amendment.

8.    Venue for this action lies in this judicial district and division pursuant to 28 U.S.C. § 1391(b).

## Background Facts

9.    Rainbow Friends, an online video game, was created in 2021 by Bryan Fletcher and Garrett Fletcher, the Managing Members of R&C. One of the Rainbow Friends characters is called "Purple."   Purple

generally appears as follows in the Rainbow Friends video game:



10.    Alex became a fan of the Rainbow Friends video game shortly after it launched.  In or about July 2022, Alex created his own version of Purple and thereafter obtained ownership of U.S. Copyright Registration No. VAu 1-491-513 issued by the Register of Copyrights on March 1, 2023.  A true and correct copy of this U.S. federal copyright registration certificate, together with deposit copies of images of Alex's Purple, is attached hereto as **Exhibit "A."**  Two of those images are as follows:





11.     Alex obtained ownership of U.S. Copyright Registration No. VAu 1-493-780 issued by the Register of Copyrights on March 29, 2023. A true and correct copy of this U.S. federal copyright registration certificate, together with deposit copies of images of Alex's Purple, is attached hereto as **Exhibit "B."** Several of those images are as follows:













12.   The purple images attached to **Exhibits "A"** and **"B"** will hereinafter be referred to as "Alex's Purple."

13.   Another one of the Rainbow Friends characters is called "Green."   A still version of Green generally appears as follows in the Rainbow Friends video game:



14.   **Exhibit "B"** also includes the following version of Alex's Green:



15.   In Alex's version of Green ("Alex's Green"), Alex expressly excluded Green's head, legs and torso in his claim for copyright protection. *See* **Exhibit "B."**

16.   Alex owns all right, title and interest in and to **Exhibits "A"** and **"B"** (collectively "Alex's Copyrights"), which constitute original and copyrightable subject matter under the U.S. Copyright Act.

17.    Among the exclusive rights granted to Alex under the U.S. Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display the copyrighted material in **Exhibits "A"** and **"B."**

18.    Alex has duly complied with all relevant requirements of the U.S. Copyright Act with respect to **Exhibits "A"** and **"B."**

19.    R&C is a game development studio that is in the business of producing, publishing, and selling video games.  One of those video games is Rainbow Friends.

20.    On information and belief, R&C licensed Alex's Purple and Alex's Green to PhatMojo.

21.    PhatMojo is in the business of designing, manufacturing, importing, warehousing, distributing, offering for sale and/or selling various products throughout the United States.

22.    PhatMojo knowingly    and    deliberately    designed, manufactured, imported, advertised, promoted, purchased, distributed, sold and/or offered for sale, without authorization or license from Plaintiff or Alex, products in Georgia, across the United States and

throughout the world using designs and materials that are identical, substantially similar and indistinguishable from, and confusingly similar to Alex's Purple and Alex's Green in Alex's Copyrights (hereinafter the "Infringing Products").

23.   R&C knowingly induced or caused or materially contributed to PhatMojo's infringement of Alex's Copyrights by, on information and belief, and without limitation, licensing Alex's Copyrights to PhatMojo to purportedly allow PhatMojo to design, manufacture, import, advertise, promote, purchase, distribute, sell and/or offer for sale the Infringing Products.

24.   On information and belief, R&C has a right to cancel the license it granted to PhatMojo to use Alex's Copyrights, has the right to supervise the infringing conduct, has a practical right to stop the infringing conduct and has a direct financial interest in the infringing activity.

25.   Two of several versions of the purple Infringing Products are seen in the following photographs and image:

 



26.    One version of the green Infringing Product is seen in the following image:



27.   On information and belief, the Defendants' names, "PhatMojo, LLC" and "Roy & Charcle, LLC," appear on each of the Infringing Products.

28.   Upon information and belief, R&C and PhatMojo were aware of the fact that Alex's versions of Purple and Green are his original creations at the time R&C licensed Alex's Copyrights to PhatMojo and at the time PhatMojo first designed, manufactured, imported, offered for sale, and/or sold the Infringing Products.

29.   Defendants have acted in bad faith and have caused Plaintiff unnecessary trouble and expense.

**CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106 and 501)**
**AGAINST BOTH DEFENDANTS**

30.   Plaintiff realleges and incorporates every allegation

contained in the preceding paragraphs as though fully set forth herein.

31.    Alex is the owner of Alex's Copyrights which contain certain copyrightable subject matter under 17 U.S.C. §§ 101, et seq.

32.    Alex has complied with the registration requirements of 17 U.S.C. §411(a) for Alex's Copyrights and has obtained Copyright Registration Nos. VAu 1-491-513 and VAu 1-493-780.

33.    PhatMojo and R&C do not have any ownership interest in Alex's Copyrights.

34.    Defendants, without authorization from Plaintiff or Alex, or any right under the law, have deliberately copied and/or made derivative works, displayed, reproduced, designed, manufactured, supplied, imported, purchased, advertised, promoted, distributed, sold and/or offered for sale products and packaging that are copied from and are virtually identical and/or substantially similar in overall appearance to Alex's copyrighted material.

35.    PhatMojo is a direct infringer of Alex's Copyrights.

36.    R&C is a contributory copyright infringer of Alex's Copyrights because, on information and belief, R&C knowingly induced or caused or

materially contributed to PhatMojo's infringement of Alex's Copyrights by, on information and belief, and without limitation, licensing Alex's Copyrights to PhatMojo to allow PhatMojo to design, manufacture, import, advertise, promote, purchase, distribute, sell and/or offer for sale the Infringing Products.

37.   R&C is vicariously liable for PhatMojo's infringement of Alex's Copyrights because, on information and belief, R&C has a right to cancel the license it granted to PhatMojo to use Alex's Copyrights, has the right to supervise the infringing conduct, has a practical right to stop the infringing conduct and has a direct financial interest in the infringing activity.

38.   PhatMojo and R&C's conduct infringes and continues to infringe Alex's Copyrights in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)-(3), (5).

39.   Defendants have willfully infringed and continue to willfully infringe Alex's Copyrights.

40.   Upon information and belief, by their acts, Defendants have made and will continue to make substantial profits and gains from

infringing Alex's Copyrights to which they are not in law or in equity entitled.

41.    Upon information and belief, Defendants intend to continue their willful conduct, and will continue to willfully infringe Alex's Copyrights and to act in bad faith, unless restrained by this Court.

42.    The acts of Defendants have damaged and will continue to irreparably damage Plaintiff and Alex, and Plaintiff and Alex have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    That, pursuant to 17 U.S.C. § 502, Fed. R. Civ. P. 65, and the All Writs Act, 28 U.S.C. § 1651(a), Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be preliminarily and permanently enjoined and restrained from further infringement of Alex's Copyrights;

2.     That as a direct and proximate result of Defendants' infringement of Alex's Copyrights, Plaintiff be awarded damages as well as Defendants' profits, pursuant to 17 U.S.C. § 504(b);

3.     That alternatively, and at Plaintiff's election prior to any final judgment being entered, Plaintiff be awarded the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c);

4.     That, pursuant to 17 U.S.C. § 505, Plaintiff be awarded his attorneys' fees and full costs for bringing this action;

5.     That, because Defendants have acted in bad faith and have caused Plaintiff unnecessary trouble and expense, Plaintiff is entitled to recover his attorneys' fees and costs of this action pursuant to O.C.G.A. §13-6-11;

6.     That the Court tax all costs against Defendants;

7.     That the Court award any and all other relief that this Court deems just and proper.

Dated: November 29, 2023

/s/ James W. Hawkins
Cary Ichter
Georgia Bar No. 382515
James W. Hawkins
Georgia Bar No. 338767
**ICHTER DAVIS LLC**
400 Interstate North Pkwy SE
Suite 860
Atlanta, Georgia 30339
Phone: 404.869.7600
Fax: 404.602.0037
jhawkins@ichterdavis.com
cichter@ichterdavis.com

*Counsel for Plaintiff*

## __CERTIFICATION__

In accordance with LR 5.1C, ND GA, I hereby certify that this document has been prepared in 14 point, Century Schoolbook font.

_/s/ James W. Hawkins_
JAMES W. HAWKINS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

ABDOULAYE NIANG as Parent   :
of ALEXANDER NIANG, a   :
Minor;   :
          :
     Plaintiff,   :   CIVIL ACTION NO.:
          :
v.   :
          :   **JURY TRIAL DEMANDED**
PHATMOJO, LLC and ROY and   :
CHARCLE, LLC;   :
          :
     Defendants.   :

## <u>VERIFICATION</u>

COMES NOW Abdoulaye Niang, Plaintiff in the above-referenced

action, and swears or affirms that the facts contained in the foregoing

Complaint are true and correct.

_____
Abdoulaye Niang

Sworn to and subscribed before me this

24 day of NOVEMBER , 2023.

_____
Notary Public

# EXHIBIT A

# Certificate of Registration





This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## VAu 1-491-513

**Effective Date of Registration:**
January 19, 2023
**Registration Decision Date:**
March 01, 2023

---

## Copyright Registration for a Group of Unpublished Works
Registration issued pursuant to 37 C.F.R. § 202.4(c)

### Title

| | |
|---|---|
| **Title of Group:** | Mewza Purple Friend - 1 and 2 Other Unpublished Works |
| **Content Title:** | Mewza Purple Friend - 1 |
| | Mewza Purple Friend - 2 |
| | Mewza Purple Friend - 3 |

### Completion/Publication

**Year of Completion:** 2022

### Author

- **Author:** Alexander Niang
  **Author Created:** Pictorial or Graphic Works
  **Citizen of:** United States
  **Domiciled in:** United States
  **Year Born:** 2006

### Copyright Claimant

**Copyright Claimant:** Alexander Niang
2283 Bayswater Drive, Kennesaw, GA, 30144, United States

### Rights and Permissions

**Organization Name:** ESQgo P.C.
**Name:** Neal Greenfield
**Email:** neal.greenfield@esqgo.com
**Telephone:** (424)363-6233
**Address:** 303 North Glenoaks Boulevard, Suite 200

Burbank, CA 91502 United States

## Certification

**Name:** Neal Greenfield, Authorized agent
**Date:** January 19, 2023

**Copyright Office notes:** Regarding group registration: A group of unpublished works may be registered in the same administrative class under 202.4(c) if the following requirements have been met: 1) All the works must be unpublished; 2) the group may include up to ten works; 3) a title must be provided for each work; 4) all the works must be created by the same author or the same joint authors; 5) the authorship claimed in each work must be the same; and 6) the author and claimant for each work must be the same person or organization.

Regarding basis for registration: Registration based on deposited pictorial authorship describing, depicting, or embodying character(s). Compendium 313.4(H).



# EXHIBIT B

# Certificate of Registration





This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

**VAu 1-493-780**

**Effective Date of Registration:**
March 28, 2023
**Registration Decision Date:**
March 29, 2023

---

## Copyright Registration for a Group of Unpublished Works
Registration issued pursuant to 37 C.F.R. § 202.4(c)

## Title

**Title of Group:**   Alex's Green 1 and 9 Other Unpublished Works

**Content Title:**   Alex's Green 1
Alex's Purple 1
Alex's Purple 2
Alex's Purple 3
Alex's Purple 4
Alex's Purple 5
Alex's Purple 6
Alex's Purple 7
Alex's Purple 8
Alex's Purple 9

## Completion/Publication

**Year of Completion:**   2022

## Author

- **Author:**   Alexander Niang
  **Author Created:**   Pictorial or Graphic Works
  **Citizen of:**   United States
  **Domiciled in:**   United States

## Copyright Claimant

**Copyright Claimant:**   Alexander Niang
2283 Bayswater Dr., NW, Kennesaw, GA, 30144

## Limitation of copyright claim

Page 1 of 2

**Material excluded from this claim:**  For Alex's Green 1, preexisting material includes the head, legs and torso but not the hands and arms

## Rights and Permissions

|  |  |
|---|---|
| **Organization Name:** | Ichter Davis, LLC |
| **Name:** | James William Hawkins |
| **Email:** | jhawkins@ichterdavis.com |
| **Telephone:** | (678)697-1278 |
| **Address:** | 4910 Ansley Lane |
|  | Cumming, GA 30040 United States |

## Certification

|  |  |
|---|---|
| **Name:** | James W. Hawkins, Authorized agent |
| **Date:** | March 28, 2023 |

**Correspondence:** Yes

**Copyright Office notes:** Regarding group registration: A group of unpublished works may be registered in the same administrative class under 202.4(c) if the following requirements have been met: 1) All the works must be unpublished; 2) the group may include up to ten works; 3) a title must be provided for each work; 4) all the works must be created by the same author or the same joint authors; 5) the authorship claimed in each work must be the same; and 6) the author and claimant for each work must be the same person or organization.

Basis for Registration: Registration based on deposited pictorial authorship describing, depicting, or embodying character(s). Compendium 313.4(H).

# Alex's Green 1



# Alex's Purple 1



# Alex's Purple 2



# Alex's Purple 3



## Alex's Purple 4



## Alex's Purple 5



## Alex's Purple 6



## Alex's Purple 7



## Alex's Purple 8



# Alex's Purple 9

